UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW DITULLIO | Case Number |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT |
| FIRSTSOURCE ADVANTAGE, LLC | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Matthew DiTullio, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.     Plaintiff, Matthew DiTullio, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Matthew DiTullio ("Plaintiff") is an adult natural person residing at 6646 Heather Drive, Lockport, NY 14094.

5. Defendant, FirstSource Advantage, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 205 Bryant Wood South, Buffalo, NY 14228 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Beginning in or around the May 2009 and continuing to the present,

Defendant's agent, Lisa has harassed and abused Plaintiff via telephone with regard to an alleged consumer debt, namely a Capital One credit card.

8. Defendant's agent, Lisa called Plaintiff on or about May 22, 2009 at his place of employment.

9. Plaintiff told Defendant's agent, Lisa not to contact him at work again.

10. On or about May 22, 2009, Defendant's agent Lisa then proceeded to call Plaintiff on his home telephone.

11. Defendant's agent, Lisa continued to call Plaintiff's home phone daily.

12. On or about May 26, 2009, Defendant's agent, Lisa called Plaintiff's parents home phone.

13. Defendant's agent, Lisa disclosed to Plaintiff's parents that Plaintiff owed a debt and that she was a debt collector who needed to get in touch with Plaintiff.

14. Defendant's agent, Lisa told Plaintiff's parents that Plaintiff was avoiding her calls.

15. Defendant's third party communication was not for the purpose of correcting or confirming location but to harass Plaintiff's parents, thereby harassing and coercing Plaintiff to pay the alleged debt.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than Plaintiff that Plaintiff owes a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), c(a)(1), c(b), d, d(5), d(6), e, e(7), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, FirstSource Advantage, LLC and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:   August 24, 2009   BY: /s/ **Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff